## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Nicholas French,

       Debtor.

Chapter 12
Case No. 19-60229

## NOTICE OF HEARING AND MOTION FOR AN ORDER GRANTING EXPEDITED RELIEF AND AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL

**TO: THE PARTIES IN INTEREST AS SPECIFIED IN BANKRUPTCY RULE 4001(B)(1)(C) AND LOCAL RULES 2002-2 AND 2002-4.**

1.      Nicholas French (the "Debtor"), moves this Court (the "Motion") for the relief requested below and gives notice of hearing.

2.      A hearing will be held on the portion of this Motion **seeking an interim order** at 11:30 a.m. on Tuesday, April 30, 2019, before the Honorable Judge Michael Ridgway, in the US Bankruptcy Court located at 118 S. Mill Street, Fergus Falls, MN 56537 on the second floor.

3.      Given the expedited nature of the relief sought, Debtor does not object to written responses being served and filed immediately prior to the hearing.

4.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334 and Bankruptcy Rule 5005. This is a core proceeding. The petition commencing the Chapter 12 case for the Debtor was filed on April 22, 2019. The case is now pending before this Court.

5.      This Motion arises under 11 U.S.C. § 363(c) and Fed. R. Bankr. P. 4001 and Local Rule 4001-2. This Motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 2002-1 and 7007-1.

6.     The Debtor requests an order (i) authorizing an expedited hearing on the interim request to use cash collateral, (ii) an interim order authorizing the use of cash collateral, and (iii) a final order authorizing the use of cash collateral.  The grounds for this motion are set forth below.

**CASH COLLATERAL SUMMARY AS REQUIRED
BY BANKRUPTCY RULE 4001 AND LOCAL RULE 4001-2**

7.     The creditors who may hold a security interest in the cash collateral, listed order of their expected priority with the first listed creditors having a higher expected priority, are: Central Minnesota Credit Union (CMCU), whose claim of $670,684.79 is cross collateralized against the debtor's real property and chattel including, crops and their proceeds.

The extent to which any of the listed creditors hold a secured claim will depend on the amount of debt owed to each party and the value of their other collateral, if any.

8.     CMCU possesses liens against the following property:

a.  Real Property          $1,182,831.00

b.  CSP Payment          $20,000.00

c.  Crop Checks            $237,000.00

d.  Remaining Crops      $12,000.00

e.  Equipment              $840,575.00.

9.     The Debtor seeks an interim order approving the use of cash collateral through May 28, 2019, and a final order approving the use of cash collateral through November 30, 2019. The Debtor projects gross income of $1,300,785.00 from January 1, 2019 through December 31, 2019.  The primary source of income will consist of the Debtor's crop operation which will generate its income in the Autumn of 2019 when the Debtor's crops are harvested.  The Debtor projects expenses of $779,400.00 for the same time period which will create a surplus of

$521,385.00.  The Debtor's cash flow projections are attached hereto as Exhibit A.  The cash

flow projections show operating results only, and do not include debt payments or administrative

expenses as will be paid under a plan of reorganization.

10.     As adequate protection for the use of cash collateral, the Debtor proposes to grant

the existing secured creditors a replacement lien of the same validity, priority and effect as their

pre-petition lien on the 2019 crop.   As further adequate protection, the Debtor will pledge to

operate its business in the ordinary course and in a manner that will cash collateral to increase as

provided in its projections.

## BACKGROUND

11.     On April 22, 2019 (the "Petition Date"), the Debtor filed a petition for relief

pursuant to Chapter 11 of Title 11 of the United States Code (the "Code").  The Debtor continues

to operate his farm as a debtor-in-possession pursuant to Section 1203 of the Code.  The main

parties in interest have been served with this motion.

12.     The Debtor filed this bankruptcy case in order to preserve the going concern

value, protect unsecured creditors, and restructure its liabilities in accordance with the provisions

of the Bankruptcy Code.

## USE OF CASH COLLATERAL

13.     The Debtor seeks to use cash collateral, specifically the proceeds of the 2018 crop

and the remaining 2018 crop in the Debtor's possession.  The Debtor seeks the use of cash

collateral in order to pay expenses in accordance with the cash flow projections and budget

attached hereto as Exhibit A (the "Budget").

14.     The Debtor will use cash collateral to help facilitate the planting of the 2019 crop.

15.     The Debtor requires the use of cash collateral to operate.  Without the necessary funds to plant, maintain and harvest the 2019 crop, the Debtor's operations will suffer, the value of the Debtor's farm will be diminished.

16.     The Debtor has a limited amount of cash on hand and will generate cash from the harvest of the 2019 crop.  As set forth in the budget, the Debtor projects that such cash will be sufficient to fund its Chapter 12 reorganization, while maintaining a comparable level of collateral to provide adequate protection to its secured creditors.

## ADEQUATE PROTECTION

17.     To adequately protect the secured interest of CMCU, the Debtor proposes to grant CMCU a post-petition replacement lien in the 2019 crop.

18.     The Debtor's proposed use of cash collateral, and the adequate protection offered by the Debtor provides CMCU with adequate protection against the risk of the Debtor's use of the 2018 crop and its proceeds.  The Debtor proposes to use the 2018 crop or its proceeds to continue its operation until a plan of reorganization can be confirmed.  This will greatly enhance the value of the Debtor and its estate.  If the Debtor is not granted authority to use cash collateral, the only alternative may be to shut down operations because the Debtor will be unable to fund its operations.  Any such shutdown will reduce the value of both the secured and unsecured creditors.

19.     The Budget demonstrates that through the use of cash collateral, the Debtor will be able to continue operations and work towards a successful reorganization of its farm.  Such a result is in the best interest of Debtor's estate, the secured creditors and the Debtor's other unsecured creditors.

20.      Prior to the hearing on the Motion, and in settlement of any and all of the matters raised in this Motion, the Debtor may enter into a stipulation or agreed order with one or more of the secured creditors concerning the use of cash collateral, adequate protection, and other related matters.  In the event the Debtor enters into any such stipulation, it will seek approval of the stipulation without further notice or hearing pursuant to Bankruptcy Rule 4001(d)(4), and the **DEBTOR HEREBY GIVES NOTICE OF INTENT TO SEEK APPROVAL OF ANY SUCH STIPULATION.**

## **EXPEDITED RELIEF**

21.     The Debtor seeks the interim relief herein on an expedited basis and cause exists to reduce the notice of the Motion.  The Debtor believes that it will be able to provide fax or email notice of the hearing to all creditors holding a security interest in the cash collateral. The Debtor will also give email notice to the United States Trustee's office.

22.     Expedited relief is necessary to allow the Debtor to have access to cash to operate in the interim period.  Among other things, the Debtor must have his crop planted by May 31, 2019 to be in compliance with his crop insurance policy.  Further, any delay in planting the 2019 crop will lead to lower yields which will directly affect the Debtor's income to be generated in 2019.  Without the funds under the interim use of cash collateral as proposed, the Debtor may be unable to continue operations, and the interest of creditors and others in this case will be irreparably harmed.  Therefore, cause exists to reduce the notice of the hearing with respect to an interim ordering authorizing the use of cash collateral.

**WHEREFORE**, the Debtor moves the Court for an order granting:

A.     Authorization to use cash collateral pursuant to the terms of the Budget attached as Exhibit A;

B.     In the alternative, approval of any agreement reached with secured creditors regarding cash collateral; and

C.     Such other and further relief as the Court deems just and equitable.

Velde Moore, Ltd.

Dated: April 23, 2019

/e/Logan Moore
Attorney #312083
1118 Broadway
Alexandria, MN 56308
Office: 320-763-6561
ATTORNEY FOR DEBTOR

## EXHIBIT A

## CASH COLLATERAL BUDGET

# EXHIBIT A

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **CASH INFLOWS** | | | | | | | | | | | | | |
| Beg cash val | 247741 | 230591 | 59013 | 270107 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 247741 |
| Corn | | | 10500 | | | | | | | | | 346800 | 357300 |
| Alfalfa Hay | | | | | | | | | | | 12000 | | 12000 |
| Rye | | | | | | | | | 60000 | | | | 60000 |
| Soybeans | | | | | | | | | | | | 200000 | 200000 |
| Straw | | | | | | | | | | | | 20000 | 20000 |
| S. Wheat | | | | | | | | 120000 | | | | | 120000 |
| Other govt | | | 129000 | | | | | | | | | 21000 | 150000 |
| Custom Work | 3333 | 3333 | 3333 | 3333 | 3333 | 3333 | 3333 | 3333 | 3333 | 3333 | 3333 | 3333 | 40000 |
| Pat dividend | | | | 2500 | | | | | 2500 | | | | 5000 |
| Cp insurance | | | 88744 | | | | | | | | | | 88744 |
| Total inflow | 251074 | 233924 | 290590 | 275940 | 3433 | 3433 | 3433 | 123433 | 65933 | 3433 | 15433 | 591233 | 1300785 |
| **CASH OUTFLOWS** | | | | | | | | | | | | | |
| Seed | | | | 61800 | 32500 | | | | 6000 | | | | 100300 |
| Fertilizer | | | | 27000 | 66000 | | 900 | 900 | 12000 | | | | 106800 |
| Chemicals | | | | 48500 | | | | | | | | | 48500 |
| Crop insur. | | | | | | | 6000 | | | 7500 | 12600 | | 26100 |
| Drying fuel | | | | | | | | | | | 3000 | | 3000 |
| Irrig energy | | | | | | | 2500 | 2500 | | | | | 5000 |
| C. Cust hire | | | | | | | | | | 5000 | | | 5000 |
| Fuel & oil | 6667 | 6667 | 6667 | 6667 | 6667 | 6667 | 6667 | 6667 | 6667 | 6667 | 6667 | 6667 | 80000 |
| Repairs | 6667 | 6667 | 6667 | 6667 | 6667 | 6667 | 6667 | 6667 | 6667 | 6667 | 6667 | 6667 | 80000 |
| Land rent | | | | 144867 | | | | | | | 72433 | | 217300 |
| Mach leases | | | | | | | | 15000 | | | | 12000 | 27000 |
| RE taxes | | | | | 2750 | | | | | 2750 | | | 5500 |
| Farm insur. | | | | 14500 | | | | | | | | | 14500 |
| Utilities | 483 | 483 | 483 | 483 | 483 | 483 | 483 | 483 | 483 | 483 | 483 | 483 | 5800 |
| Marketing | | | | | | | | 5000 | | | 8500 | 1000 | 14500 |
| Misc. | 833 | 833 | 833 | 833 | 833 | 833 | 833 | 833 | 833 | 833 | 833 | 833 | 10000 |
| Living/Draw | 2500 | 2500 | 2500 | 2500 | 2500 | 2500 | 2500 | 2500 | 2500 | 2500 | 2500 | 2500 | 30000 |
| Min end bal | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 |
| Total outflow | 17250 | 17250 | 17250 | 265417 | 167000 | 17250 | 26650 | 40650 | 35250 | 32500 | 113784 | 30250 | 779400 |
| Opr. Surplus | 233824 | 216674 | 273340 | 10523 | -163567 | -13817 | -23217 | 82783 | 30683 | -29067 | -98351 | 560983 | 521385 |

trucking

## **VERIFICATION**

I, Nicholas French, the Debtor, hereby verify, under penalty of perjury, that I have read the foregoing Motion, including Exhibits, I know the contents thereof, and the information contained therein is true and correct to the best of my knowledge, information, and belief.

Date: April 23, 2019

_____
Nicholas French

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Nicholas French,

        Debtor.

Chapter 12
Case No. 19-60229

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER GRANTING
EXPEDITED RELIEF AND AUTHORIZING THE DEBTOR TO USE CASH
COLLATERAL**

Nicholas French (the "Debtor"), requests that the Court enter an order authorizing it to use cash collateral.

**BACKGROUND**

The facts supporting the relief sought are set forth in the verified Motion.[1]

**ANALYSIS**

**I.     THE COURT SHOULD AUTHORIZE THE PROPOSED USE OF CASH
COLLATERAL ON AN INTERIM AND FINAL BASIS.**

As debtor-in-possession, the Debtor is authorized to operate its business under the Bankruptcy Code. *See* 11 U.S.C. § 1203. The Bankruptcy Code provides that a debtor-in-possession may use cash collateral only with the secured creditor's consent or if the Court, after notice and a hearing, authorizes such use. *See* 11 U.S.C. § 363(c)(2). Section 363(e) of the Bankruptcy Code provides that the Court must provide the secured creditor with adequate protection of its interest upon request of the creditor. The Eighth Circuit Court of Appeals has reasoned that:

---

[1] Unless otherwise defined herein, capitalized terms have the meaning ascribed to them in the Debtor's Motion for an Order Authorizing the Debtor to Use Cash Collateral.

In any given case, the Bankruptcy Court must necessarily (1) establish the value of the secured creditor's interest, (2) identify the risk to the secured creditor's value resulting from the debtor's request for use of cash collateral, and (3) determine whether the debtor's adequate protection proposal protects values as nearly as possible against risk to that value consistent with the concept of indubitable equivalence.

*In re Martin*, 761 F.2d 472, 476–77 (8th Cir. 1985).

Pursuant to *Martin*, the first step is to establish the value of the secured creditor's interest. For purposes of this Motion, and focusing on the collateral which is subject to the lien of the secured creditors, the creditors' interest is determined by what the creditor would recover if the collateral were disposed of in the most commercially reasonable manner practicable. *In re Boring*, 91 B.R. 791, 795 (Bankr. S.D. Ohio 1988); *United States v. Smithfield Estates, Inc.*, 48 B.R. 910, 912 (Bankr. D.R.I. 1985). With respect to the first requirement of *Martin*, as of petition date, the value of CMCU's collateral is estimated at $2,292,406.00, including real estate and chattel. The amount of CMCU's claims is $670,684.79

The second requirement of *Martin* requires the court to identify the risk to the secured creditor's value resulting from the Debtor's request for the use of cash collateral. In the instant case, such risk would be that the Debtor might fail to generate sufficient crop income to compensate for the use of the existing crops and crop proceeds. In this case, that risk is minimal. The Debtor proposes to use cash collateral to maintain to plant a 2019 crop that will exceed the value of the remaining 2018 crop significantly. Moreover, the Debtor proposes to use cash collateral to maintain his farm operation, which inures to the benefit of all the creditors and other parties in interest. In the event that the Debtor is not authorized to use cash collateral, the only alternative is to shut down the Debtor's operations.

Closing Debtor's operations would likely preclude the unsecured creditors from receiving anything on account of their claims.

The third requirement of *Martin* requires the Court to examine the debtor's adequate protection proposal to determine that the proposal protects the value of the secured creditor's interest, if any, in the cash collateral relative to the risk to such value. *See Martin*, 761 F.2d at 477. Here, the Debtor proposes to grant the secured creditors a replacement lien on, and security interest in, the same types and items of collateral as were subject to their lien as of the commencement of these cases. Such replacement liens would extend to post-petition assets of the estate to the extent of cash collateral used by the Debtor and provide the secured creditors with adequate protection for any cash collateral actually used.

## II.     EXPEDITED RELIEF IS APPROPRIATE.

The Debtor seeks the interim relief herein on an expedited basis and cause exists to reduce the notice of the Motion. The Debtor believes that it will be able to provide fax and/or emailed notice as indicated in the motion as of the date of this motion. Moreover, the Debtor must have access to cash collateral in the interim period. Among other things, the Debtor must plant is 2019 crop in the month of May. Without the funds under the interim use of cash collateral as proposed, the Debtor may be unable to continue operations and the interest of creditors and others in this case will be irreparably harmed. Therefore, cause exists to reduce the notice of the hearing with respect to an interim ordering authorizing the use of cash collateral.

## <u>CONCLUSION</u>

For the foregoing reasons, the Debtor respectfully requests that the Court enter an order granting an expedited hearing, approving the use of cash collateral on an interim basis, and authorizing the Debtor to use cash collateral on a final basis.

Velde Moore, Ltd.

Dated: April 23, 2019

/e/Logan Moore
Attorney #312083
1118 Broadway
Alexandria, MN 56308
Office: 320-763-6561
ATTORNEY FOR DEBTOR

In re:

Nicholas French,

        Debtor.

Chapter 12
Case No. 19-60229

## CERTIFICATE OF SERVICE

I, Kathy Stueve, declare, under penalty of perjury, that on April 23, 2019, I filed:

**NOTICE OF HEARING AND MOTION FOR AN ORDER GRANTING EXPEDITED RELIEF AND AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL**

with the Clerk of Bankruptcy Court through ECF, and that ECF will send an e-notice of electronic filing to the following:

**US Trustee**; ustpregion12.mn.ecf@usdoj.gov

I further certify that I caused a copy of the foregoing document and the Notice of Electronic Filing to be served by First Class Mail on the following parties: NONE

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:

Nicholas French,

        Debtor.

Chapter 12
Case No. 19-60229

---

## INTERIM ORDER GRANTING EXPEDITED RELIEF AND AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL

---

This matter came before the undersigned judge of the United States Bankruptcy Court on the debtor's motion for an interim order authorizing the debtor to use cash collateral and provide adequate protection. Appearances are noted on the record.

Based on the file and record herein,

**IT IS ORDERED:**

1.      The request for an expedited hearing on this Motion is granted.

2.      The Debtor is authorized to use cash, including cash collateral, subject to any valid pre-petition liens on and security interests in collateral granted to each lienholder, consistent with the projections attached to the motion through November 30, 2019.

3.      For purposes of adequate protection and to the extent of use of pre-petition cash collateral in which a lienholder has a valid security interest, the Debtor is authorized to grant each lienholder a replacement lien in post-petition accounts receivable pursuant to 11 U.S.C. § 552. Such liens shall have the same validity, priority and effect as pre-petition lien of the pre-petition property of the Debtor.

4.      The secured creditors are deemed to be adequately protected with respect to its interest in the Collateral.

Dated: _____

                                             U.S. Bankruptcy Court Judge